Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SHENTON, | Case No. 04461 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| WMI INVESTMENTS, LLC, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Stephen Shenton ("Plaintiff"), is a natural person residing in Sonoma county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, WMI Investments, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff to collect an alleged outstanding debt.

6. On at least one occasion, Investigator Debbie Williams, an employee of Defendant, contacted Plaintiff and left him a voicemail, threatening him that

his case was prepared and that a legal action had been, or was about to be, filed against him, for failure to return Defendant's collection calls and pay the alleged debt. Furthermore, Ms. Williams failed to disclose the true identity of the Defendant as the company authorizing the collection call.

7. On or about June 18, 2010, Rick Alexander, an employee of Defendant, contacted Plaintiff and again threatened him with further legal action. Despite Plaintiff's multiple requests to have validation of the debt sent to him, Mr. Alexander refused and demanded that Plaintiff, "quit stalling, quit trying to buy time, quit playing games", and threateningly asked if Plaintiff had already been served, again implying that a legal action had been taken against Plaintiff. When Plaintiff against requested for proof of the alleged debt, Mr. Alexander responded that his time was "too valuable to waste on [Plaintiff's] type" and hung up on Plaintiff.

8. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));
   b) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));
   c) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

d) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));
e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));
f) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a));
g) Overshadowing the disclosures required by 15 USC §1692g(a) during the thirty-day dispute period (§1692g(b));
h) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11));
i) Using false, deceptive, or misleading representations or means in connection with collection of a debt (§ 1692e));
j) Falsely representing to Plaintiff that Defendant is vouched for, bonded by, or affiliated with the United States or any State (§1692e(1));
k) Falsely representing the character, amount, or legal status of Plaintiff's debt(§1692e(2)(A)); and
l) Representing that Defendant is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, where Defendant is not actually employed by the particular governmental agency in question or is not acting on behalf of such agency with respect to Plaintiff (Cal Civ Code §1788.13(d)).

9. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B. Actual damages;

    C. Statutory damages for willful and negligent violations;

D.  Costs and reasonable attorney's fees,

E.  For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 28th day of September, 2010.

By: _____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**